## Commonwealth v. Grime et al.

*George Piersol Murray, Jr.*, special deputy attorney general, and *Hymen Schlesinger*, for Commonwealth.

*Louis Little* and *Joseph I. Winslow*, for defendants.

MUSMANNO, J., April 12, 1932.—The defendants in this case are charged with having violated an act of assembly (Act of April 7, 1927, P. L. 154), which gives the Department of Health certain powers for the enforcement of rules and regulations concerning the shipment of dead bodies.

On November 9, 1931, a permit was issued by the Department of Health, Bureau of Statistics, permitting "Grime & Blair" to ship the body of Edward E. Woodrow from Pittsburgh to Connellsville. It is contended by the Commonwealth that the coffin enclosing the remains of the deceased was encased in a box—familiarly known as a "rough-box"—which did not conform to the regulations of the Department of Health. An outer coffin or rough-box was produced in court, and it is contended by the Commonwealth that this was the box used by defendants in the transportation of the body in question.

An examination of the box by the court convinces us that this box does not meet the requirements laid down by the Department of Health and enforceable by the act of assembly. But this is only one of the items of proof required to establish guilt on the part of the defendants. Was this box ever in the possession of the defendants? Did they place a coffin in that box? Is there any connection at all between the box in court and the defendants? Where did this box actually come from?

The only witness who testified as to its genesis was Charles C. Mitchell, a Connellsville undertaker, who said it came from a graveyard. The person alleged to have delivered it to Mitchell did not testify in court.

So far as the evidence in this case shows, this box in court is a phantom coffin, having no origin except in a cemetery. While many mysterious and seemingly supernatural things occur in and about cemeteries, it is asking too much of this court to have it believe that the defendants, who live in Pittsburgh, could in some mystic manner bring about in a Connellsville cemetery the construction or being of the coffin in question; and it is only in this way that the defendants can in any manner be charged with its construction, possession or use.

When the box containing the deceased arrived in Connellsville, presumably shipped there by the defendants in Pittsburgh, Mitchell, the receiving undertaker, found nothing wrong with it. It was taken to the cemetery in Connellsville that night. The next day a driver, who does not appear in court, is alleged

to have picked it up by the side of a grave and brought it back to the undertaking establishment. What box did he pick up? The court has no way of knowing. In a cemetery there is frequently more than one burial in a day. There are often at one time a number of open graves with rough-boxes by their side. How can the court tell if the driver in question secured the right box?

There is a fatal hiatus here in the proof required to make out a prima facie case. Appeals from summary convictions are in the nature of criminal proceedings and the proofs must accordingly be complete and not susceptible to conjecture.

There is no evidence that the defendants actually ever saw this box, which is marked "Exhibit A," until it was wheeled into the courtroom. There is no evidence that they placed the body of Edward E. Woodrow in it. There is no evidence that the box which arrived in Connellsville with the body of Edward E. Woodrow is the box staring at us here in court. There is no evidence that the box which arrived in Connellsville actually containing the body of Edward E. Woodrow did not conform with the regulations of the health department. There is no evidence that the box which was sent to the cemetery is the box which came back from the cemetery.

The fact that this case has to do with a subject that awakens awesome thoughts of the grave does not mean we can delve into the spirit world for proof. We cannot use metaphysical reasoning for finding physical facts. The court, therefore, declares that the Commonwealth has failed to make out its case under the rules of evidence established by law and accordingly finds the defendants not guilty.

From William J. Aiken, Pittsburgh, Pa.